## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CLIVEN BUNDY

               Plaintiff,

v.

THE HONORABLE JEFF B. SESSIONS, et al

             Defendants.

**Case No: 17-cv-2429**

## PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pursuant to Federal Rules of Civil Procedure 65(a)-(b), Plaintiff Cliven Bundy ("Mr. Bundy") seeks a temporary restraining order and a preliminary injunction against Defendants the Honorable Jeff B. Sessions ("Mr. Sessions") in his official capacity as Attorney General of the United States of America on behalf of the United States Department of Justice ("USDOJ"), the Honorable Robin C. Ashton ("Ms. Ashton") in her official capacity as Director of the Office of Professional Responsibility on behalf of the Office of Professional Responsibility of the United States Department of Justice ("OPR"), the Honorable Michael E. Horowitz ("Mr. Horowitz") in his official capacity as the Inspector General of the Department of Justice on behalf of the Office of the Inspector General of the United States Department of Justice ("IG"), and the Honorable Christopher A. Wray ("Mr. Wray") in his official capacity as Director of the Federal Bureau of Investigation on behalf of the Federal Bureau of Investigation ("FBI") (collectively "Defendants") ordering an immediate investigation into the bad faith and gross prosecutorial miscondonduct of the USDOJ, the U.S. Attorney for the

District of Nevada, and the FBI in the criminal prosecution of Mr. Bundy in *United States v. Bundy, et al*, 2:16-cr-00046 (D. Nev.) (the "*Bundy* Prosecution"). Counsel for Plaintiff respectfully requests that an expedited hearing on this matter be set for November 15th, 2017 at 11:00 AM or in the early afternoon thereafter.

## I.   LEGAL STANDARD

Mr. Bundy seeks both a temporary restraining order and a preliminary injunction. ""The same standard applies to both temporary restraining orders and to preliminary injunctions." *Hall v. Johnson*, 599 F.Supp.2d 1, 6 n. 2 (D.D.C. 2009). When ruling on a motion for preliminary injunction, a court must consider "whether (1) the plaintiff has a substantial likelihood of success on the merits; (2) the plaintiff would suffer irreparable injury were an injunction not granted; (3) an injunction would substantially injure other interested parties; and (4) the grant of an injunction would further the public interest." *Sottera, Inc. v. Food & Drug Admin.*, 627 F.3rd 891, 893 (D.D.C. 2010) (internal quotation marks omitted); *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). When agency action is involved, the Court should balance the actual irreparable harm to the plaintiff and the potential harm to the government. *Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal*, 126 S. Ct. 1211, 1219 (2006).

The U.S. Court of Appeals for the D.C. Circuit has traditionally applied a 'sliding scale' approach to these four factors, viewing them as a continuum where greater strength in one factor compensates for less in the other: "If the arguments for one factor are particularly strong, in injunction may issue even if the arguments in other areas are rather weak." *CityFed Financial Corp. v. Office of Thrift Supervision*, 58 F.3d 739, 747 (D.C. Cir. 1995); *Davis v. Pension Benefit Guar. Corp.*, 571 F.3rd 1288, 1291 (D.C. Cir. 2009). In other words, "a strong

showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius*,

644. F.3d 388, 392 (D.C. Cir. 2011).

## II.     STATEMENT OF RELEVANT FACTS

Mr. Bundy has been incarcerated since February of 2016 – approximately one year and

nine months - on charges stemming from a standoff with Bureau of Land Management ("BLM")

and FBI agents, where Mr. Bundy's family members were brutally assaulted and his cattle killed

and buried in secret mass graves by BLM and FBI agents. Neither Mr. Bundy nor any of his

supporters harmed any BLM or FBI agents in any way. The charges levied against Mr. Bundy

are serious enough that he faces the possibility of life imprisonment, if convicted. Since Mr.

Bundy's incarceration, the USDOJ, the U.S. Attorney for the District of Nevada, and the FBI,

acting in concert,  have engaged in an ongoing, continuing pattern of bad faith and gross

prosecutorial misconduct, carefully calculated to deprive Bundy and his co-defendants of their

constitutional, statutory, and other rights and to make it easier for them to obtain a conviction.

The repeated bad faith and gross prosecutorial misconduct left Mr. Bundy with no choice but to

file a Request for Investigation to the OPR and the IG along with a supplement. ECF No. 1, Ex

A-B. These attachments detail the prosecuting attorneys' and the FBI's repeated pattern and

practice of engaging in bad faith and gross misconduct and are incorporated herein by reference.

Since the Request for Investigation and accompanying supplement were submitted, the OPR and

IG have refused to confirm whether there is an ongoing investigation, or even whether they

received the documents. Thus, the OPR and IG have apparently ignored Mr. Bundy's bona-fide

Request for Investigation and accompanying supplement and will not conduct an investigation

without the judicial intervention that is being requested now.

Furthermore, on November 6, 2017, counsel for Mr. Bundy in the *Bundy* Prosecution

filed an Emergency Motion to Dismiss for Discovery Misconduct. ECF No. 1, Ex C.  As set forth in this motion, "[d]uring the testimony of witness Mary Hinson, it was revealed that a 'live video feed' depicting the Bundy home, and ingress and egress from the home, was being piped into the BLM 'Command Center' during the events in question." *Id*. at 5. "The existence of this video surveillance has never been disclosed to the defense. No copy of the video has been produced pursuant to the government's affirmative duty to disclosure relevant and material evidence to the defense…. The defense first learned of the actual existence of such facts and evidence on November 3, 2016, *after* trial had already begun." *Id*. (emphasis in original).[1] In response to the motion, the prosecution was forced to produce additional discovery, which had never before been produced, on November 7, 2017. This additional discovery is detailed in counsel for Mr. Bundy's Supplement to Emergency Motion to Dismiss for Discovery Misconduct, which was filed under seal. ECF No. 2, Ex 1.

Trial is now scheduled to begin with opening statements on Tuesday, November 15, 2017 and Mr. Bundy still does not have the potentially exculpatory evidence that has been hidden, buried, and/or destroyed by the prosecuting attorneys and the FBI, both arms of the USDOJ. Without the benefit of such exculpatory evidence that has been thus far hidden, Mr. Bundy faces the real possibility of being wrongfully convicted and sentenced to life imprisonment. Failing to act immediately would unjustly permit the the USDOJ, the U.S. Attorney for the District of Nevada, and the FBI to get away with its bad faith and gross prosecutorial misconduct and its destruction and withholding of potentially exculpatory evidence, causing the loss of due process, equal protection and other constitutional rights to Mr. Bundy.

---

[1] David Montero, *Nevada standoff trial postponed as judge orders search for surveillance video*, LA Times, Nov. 7, 2017, available at: http://www.latimes.com/nation/la-na-nevada-bundy-trial-20171107-story.html.

III.   **LEGAL ANALYSIS**

A.   **Defendants Must Be Ordered to Conduct an Immediate Investigation Into the Bad Faith and Prosecutorial Misconduct in the *Bundy* Prosecution**

1.   **Substantial Likelihood of Success on the Merits**

28 U.S.C. § 1361 states that "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "Where a federal official has a clear obligation to perform a ministerial duty, a federal district court may issue a writ of mandamus under 28 U.S.C. section 1361 to compel the fulfillment of the obligation." *Nat'l Wildlife Fed'n v. United States*, 200 U.S. App. D.C. 53 (1980). Courts have held that "[a] violation of a governmental agency's own regulations can be the basis for § 1361 jurisdiction." *Andujar v. Weinberger*, 69 F.R.D. 690, 693-94 (S.D.N.Y. 1976) *See also Feliciano v. Laird,* 426 F.2d 424 (2d Cir. 1970).

Here, Mr. Sessions, Mr. Horowitz, Ms. Ashton, and Mr. Wray have a clear non-discretionary, ministerial duty to oversee and regulate their respective agencies and offices, the USDOJ, the IG, the OPR, and the FBI. It is impossible to plausibly assert that Defendants have any discretion as to whether or not to perform the sole task they were appointed or hired to do. Plaintiff has already made a *prima facie* showing of the bad faith and prosecutorial misconduct engaged in by the USDOJ, the U.S. Attorney for the District of Nevada, and the FBI, all of whom acted in concert to deprive Mr. Bundy of his constitutional and other rights in the *Bundy* Prosecution. Thus, it follows that Defendants are simply not performing their ministerial duty to oversee and regulate their respective agencies and offices. A writ of mandamus ordering an expedited, but thorough investigation into the bad faith and prosecutorial misconduct set forth in this motion and the Complaint therefore essentially serves to compel Defendants to actually

perform their duties.

Furthermore, as the *Weinberger* Court has held, a violation of an agency's regulations can form the basis for § 1361 jurisdiction. As set forth previously, Plaintiff has made a *prima facie* case that the USDOJ and the U.S. Attorney for the District of Nevada (an arm of the USDOJ) and the FBI have engaged in bad faith and prosecutorial misconduct, including but not limited to the hiding, burying, and/or destroying of potentially exculpatory evidence and deliberate discovery misconduct such as intentionally withholding exculpatory data until after jury selection had already begun. Indeed, it is patently clear that such prosecutorial misconduct goes against the letter of the law set forth by the USDOJ and the FBI's own regulations, and therefore must be remedied by the § 1361 relief sought.

### 2.      Mr. Bundy Would Suffer Irreparable Injury

Mr. Bundy's trial is now scheduled to proceed with opening arguments in a short few days, on Tuesday November 14, 2017. As of right now, Mr. Bundy's defense team still does not possess the potentially exculpatory evidence that has been hidden, buried, and/or destroyed by the prosecuting attorneys. Mr. Bundy faces the possibility of life imprisonment.

The irreparable injury is clear. Without the exculpatory evidence that has been hidden, buried, and/or destroyed by the prosecuting attorneys, Mr. Bundy faces the substantial possibility of being wrongfully convicted and sentenced to life imprisonment. This Court has held that loss of liberty constitutes irreparable injury for the purpose of injunctive relief. *See Barwood, Inc. v. District of Columbia*, 1999 U.S. Dist. LEXIS 21427, *17-18 ("In this Court's view, there can be no injury more irreparable than being illegally arrested"). Thus, not only would this be a manifest and gross miscarriage of justice, there is clear, irreparable injury to Mr. Bundy warranting the injunctive relief sought

### 3. An Injunction Would Not Substantially Injury Any Other Interested Parties

The injunctive relief sought in no way prejudices Defendants, as it merely requires Defendants to perform the duties that they have been appointed or hired to do in the first place. An investigation into the bad faith and prosecutorial misconduct set forth above and in the Complaint would not unnecessarily drain Defendants' time and resources, especially given the fact that Mr. Bundy has already made a *prima facie* showing of such. Furthermore, any expenditure of time or resources is clearly warranted given the gross misconduct and the fact that the rest of Mr. Bundy's life hangs in the balance.

### 4. An Injunction Furthers the Public Interest

There is a clear public interest in preventing prosecuting attorneys for hiding, destroying, and/or burying potentially exculpatory evidence. Allowing prosecutors to do so obviously fundamentally impairs the entire criminal justice system and prevents criminal defendants from receiving even a remotely fair trial pursuant to their constitutional, statutory and other rights. Furthermore, there is absolutely no detriment to the public interest in ordering an investigation into the bad faith and gross prosecutorial misconduct set forth previously. Confidence in the judicial system is of paramount importance, and the relief sought is essential to maintaining such confidence.

## IV. <u>CONCLUSION</u>

Mr. Bundy's life now hangs in the balance, as he faces the very real possibility of going to trial and being wrongfully convicted and sentenced the life imprisonment without the benefit of the potentially exculpatory evidence that the prosecuting attorneys have hidden, buried, and/or destroyed. In the face of the damming evidence that this misconduct has occurred and is occurring, one would have hoped that Defendants would have *sua sponte* conducted the

investigation prayed for in Mr. Bundy's Complaint, pursuant to their clear ministerial duties.

However, it has become apparent that they will not do so, even at the request of Mr. Bundy, who

has been set up to become to victim of this bad faith and gross prosecutorial misconduct. Thus, it

is abundantly clear that Mr. Bundy has no other recourse other than to turn to this Court[2] and ask

---

[2] This matter is separate and apart from the proceedings in the U.S. District Court for the District of Nevada. In any event, this Court is the only possible recourse because the judge in the *Bundy* Prosecution, the Honorable Gloria Navarro ("Judge Navarro") has demonstrated a deep prejudice and bias against Mr. Bundy and his co-defendants. This has led even the politically neutral newspaper, the Las Vegas Review Journal, to publish a piece called titled *Editorial: Judge bans defense arguments in Bundy retrial*, Las Vegas Review Journal, July 13, 2017, available at: https://www.reviewjournal.com/opinion/editorials/editorial-judge-bans-defense-arguments-in-bundy-retrial/#!. The article in full reads:

> Government prosecutors have a friend in U.S. District Judge Gloria Navarro.
> The judge is presiding over the retrial of four defendants charged with various crimes stemming from their participation in the 2014 Bunkerville standoff near Cliven Bundy's ranch. The first trial ended in April with the jury deadlocked on all counts involving the four men.
> On Monday, the judge eviscerated the defense's legal strategy, putting off limits a whole host of issues that might make it more difficult for the government to win convictions. The defendants will be forbidden from arguing that they were exercising their constitutional rights to peaceably assemble and bear arms. They may not highlight the actions of BLM agents in the days leading up to the incident or mention federal gaffes such as the ill-advised "First Amendment" zone created for protesters.
> And if imposing these restrictions on the defense wasn't enough, Judge Navarro ruled that prosecutors may introduce testimony about the four accused men and their associations with so-called militia groups.
> Judge Navarro made a similar ruling before the first trial. She is going to extraordinary lengths to address prosecution fears of "jury nullification," in which jurors refuse to convict based on a belief that the law or potential punishment is unjust. The practice dates to 1734, when a jury ignored statutes and acquitted publisher John Peter Zenger on charges of criticizing New York's new colonial governor, accepting arguments from Mr. Zenger's attorney, Alexander Hamilton, that the newspaper had simply published the truth.
> Federal prosecutors have encountered unexpected difficulty — both here and in Oregon — in securing convictions against those protesting federal control of Western public lands. But the issue here isn't whether one believes the Bundy defendants are courageous freedom fighters or zealous lunatics. Rather it's whether a judge should usurp the rights of the defendants to have a jury of their peers consider their arguments alongside the law, evidence and other testimony.

that it step in expeditiously to ensure that his constitutional and other rights are protected and that

he is given a chance at a fair trial. This Court must respectfully order an expedited and bona-fide

investigation of the bad faith and gross prosecutorial misconduct at issue, and order that the OPR

and the IG report back to the Court within 20 calendar days with its results. At tat time, the Court

should consider what other remedies are required, including ordering Defendant USDOJ to

withdraw the charges against Mr. Bundy, as it will be shown that he will have been deprived of

his constitutional due process, equal protection, and other rights.

Dated: November 10, 2017                    Respectfully submitted,

                                            */s/ Larry Klayman*
                                            Larry Klayman, Esq.
                                            KLAYMAN LAW GROUP, P.A.
                                            D.C. Bar No. 334581
                                            7050 W. Palmetto Park Rd, #15-287
                                            Boca Raton, FL, 33433
                                            Tel: (561)-558-5536
                                            Email: leklayman@gmail.com

                                            Attorney for Plaintiffs

---

Judge Navarro's sweeping order reflects a deep mistrust of the American jury
system.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 10th day of November, 2017, a true and correct copy of the foregoing was filed and via CM/ECF and served by Federal Express Overnight Delivery upon all parties listed below:

The Honorable Robin C. Ashton
Office of Professional Responsibility
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC, 20530

The Honorable Jeff B. Sessions
Attorney General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC, 20530

The Honorable Michael Horowitz
Office of the Inspector General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC, 20530

The Honorable Christopher Wray
Director of the Federal Bureau of Investigation
Federal Bureau of Investigation
935 Pennsylvania Ave NW
Washington, DC, 20535

*/s/ Larry Klayman*